IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUBB INDEMNITY INSURANCE COMPANY, | : : : | CIVIL ACTION NO. 2:22-cv-633 |
| Plaintiff, | : : | |
| v. | : : | |
| ADAM ROSENBERG, HOWARD I. ROSENBERG, KIMBERLY L. ROSENBERG, and T. LEE ROUSE, Individually and as Executrix of the Estate of CHRISTIAN MOORE-ROUSE, | : : : : : : : | |
| Defendants. | : : | |

## **COMPLAINT**

Plaintiff, Chubb Indemnity Insurance Company ("Chubb"), hereby files this Complaint and states as follows:

## **INTRODUCTION**

1. This is an insurance coverage action in which Chubb seeks a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that it has no duty to defend or indemnify Adam Rosenberg for a lawsuit brought against him by T. Lee Rouse, as executrix of the estate of Christian Moore-Rouse and in her own right.

2. In that lawsuit, captioned *T. Lee Rouse, Executrix of the Estate of Christian Moore-Rouse, and In Her Own Right v. Adam Rosenberg*, No. GD-21-07929, Court of Common Pleas, Allegheny County, Pennsylvania (the "Underlying Action"), T. Lee Rouse alleges that Adam Rosenberg intentionally shot and killed her son, Christian Moore-Rouse, while Christian was in the Rosenberg residence as an invitee in December 2019.

3. The Underlying Lawsuit was tendered for a defense and indemnification under a homeowner's liability insurance policy that Chubb issued to Howard I. Rosenberg and Kimberly L. Rosenberg (the "Policy," as defined further below), who, upon information and belief, are the parents of Adam Rosenberg.

4. Chubb seeks a declaration that it has no duty under the Policy to defend or indemnify Adam Rosenberg with respect to the Underlying Action because: (a) the Complaint in the Underlying Action does not allege "personal injury" caused by an "occurrence" within the meaning of the Policy; and (b) one or more exclusions contained in the Policy further preclude coverage for the claims and damages alleged in the Underlying Action.

## THE PARTIES

5. Chubb is a New York corporation that maintains its principal place of business at 202A Halls Mill Road, Whitehouse Station, New Jersey 08889.

6. Adam Rosenberg is a citizen of the Commonwealth of Pennsylvania who resided at 916 Settlers Ridge Road, Pittsburgh, Pennsylvania 15238 at the time of the alleged incident giving rise to this action. Adam Rosenberg currently is incarcerated and resides in the Allegheny County Jail, 950 Second Avenue, Pittsburgh, Pennsylvania 15219.

7. Howard I. Rosenberg and Kimberly L. Rosenberg are citizens of the Commonwealth of Pennsylvania with a residence at 916 Settlers Ridge Road, Pittsburgh, Pennsylvania 15238.

8. Upon information and belief, T. Lee Rouse is a citizen of the Commonwealth of Pennsylvania with a residence at 45 Spruce Street, Verona, Pennsylvania 15147 and is executrix of the estate of Christian Moore-Rouse. Chubb names T. Lee Rouse, individually and as

executrix of the estate of Christian Moore-Rouse, as a Nominal Defendant herein for the purpose of seeking declaratory relief.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. This Court also has jurisdiction of this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because this matter presents a case of actual controversy.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because all Defendants reside in this district, the Underlying Action is pending in the Court of Common Pleas of Allegheny County, Pennsylvania, and the Underlying Action alleges events and omissions that took place within this district.

## FACTUAL BACKGROUND

### A. The Underlying Action

12. T. Lee Rouse, as the executrix of the estate of Christian Moore-Rouse and in her own right, commenced the Underlying Action against Adam Rosenberg on or about July 14, 2021.

13. A true and correct copy of the Complaint in Civil Action filed in the Underlying Action (the "Underlying Complaint") is attached hereto as Exhibit A.

14. The Underlying Complaint alleges that T. Lee Rouse is the mother of Christian Moore-Rouse ("Christian").

15. The Underlying Complaint further alleges that, on or about December 21, 2019, Adam Rosenberg invited Christian, whom Rosenberg had previously befriended, to Rosenberg's

residence in Fox Chapel, Pennsylvania, and intentionally shot Christian, killing him, while they were on the premises.

16. The Underlying Complaint further alleges that, after killing Christian, Adam Rosenberg pulled down Christian's pants, and otherwise intentionally and/or wantonly disturbed, mishandled and/or defiled Christian's corpse.

17. According to the Underlying Complaint, Adam Rosenberg then moved Christian's dead body from the grounds of Rosenberg's residence to a wooded area, across the street from the residence, and left it there.

18. The Underlying Complaint alleges that, as a result, Christian's body was not found until police investigating his disappearance found the body's skeletal remains while searching for it on March 3, 2020.

19. The Underlying Complaint alleges that, as a result of the actions alleged therein, Christian's estate and his mother, T. Lee Rouse, have suffered damages.

20. The Underlying Complaint asserts the following causes of action:

    Count I – Survival Act, which seeks compensatory and punitive damages;

    Count II – Wrongful Death, which seeks compensatory damages; and

    Count III (untitled), which alleges T. Lee Rouse, individually, has suffered emotional distress and which seeks compensatory and punitive damages.

    **B.**     **The Chubb Policy**

21. Chubb issued Masterpiece Homeowner's Liability Policy No. 11273641-01 to Howard I. and Kim K. Rosenberg for the policy period April 15, 2019 to April 15, 2020 (the "Policy").

22. A copy of the Policy, with certain information redacted, is attached hereto as Exhibit B.

23. The Policy contains a Coverage Summary Renewal, which states, in relevant part:

> **Liability**
>
> Amount of liability coverage: $1,000,000.
>
> This is the total amount of your liability coverage. It applies to all property for which you have liability coverage, as shown in the following chart.
>
> Your liability coverage covers damages for which you are legally responsible. For each occurrence, we will pay up to the amount of your liability coverage, as explained in your policy
>
> \*   \*   \*

24. The chart contained in the Coverage Summary Renewal lists two homes, including a house at 916 Settlers Ridge Road, Pittsburgh, Pennsylvania.

25. The Policy contains a Personal Liability Coverage Part, which states, in part:

> *Payment for a Loss*
>
> **Amount of coverage**
>
> The amount of coverage for liability is shown in the Coverage Summary. We will pay on your behalf up to that amount for covered damages from any one occurrence, regardless of how many claims, homes, vehicles, watercraft or people are involved in the occurrence.
>
> Any costs we pay for legal expenses (see **Defense coverages**) are in addition to the amount of coverage.

26. The Personal Liability Coverage Part further states, in part:

> *Personal Liability Coverage*
>
> We cover damages a covered person is legally obligated to pay for personal injury or property damage which takes place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies. Exclusions to this coverage are described in **Exclusions**.

27. The Personal Liability Coverage Part defines "you," in pertinent part, as follows:

"You" means:

- the person named in the Coverage Summary, and a spouse who lives with that person.

\*   \*   \*

28. The Coverage Summary Renewal in the Policy names Howard I. and Kim K. Rosenberg.

29. Therefore, Howard I. and Kim K. Rosenberg are "you" within the meaning of the Policy's Personal Liability Coverage Part.

30. The Personal Liability Coverage Part defines "occurrence," in relevant part, as follows:

"Occurrence" means:

- an accident which begins within the policy period resulting in bodily injury, shock, mental anguish, mental injury, or property damage;

\*   \*   \*

to which this insurance applies. Continuous or repeated exposure to substantially the same general conditions unless excluded is considered to be one occurrence.

31. The Personal Liability Coverage Part defines "covered person," in pertinent part, as follows:

A "covered person" means:

- you or a family member;

\*   \*   \*

32. Howard I. and Kim K. Rosenberg are "covered persons" because they are "you" within the meaning of the Policy's Personal Liability Coverage Part.

33. The Introduction of the Policy states that "family member" means "your relative who lives with you, or any other person under 25 in your care or your relative's care who lives with you, or a student under 25 in your care temporarily away at school who is a resident of your household."

34. Upon information and belief, Howard I. and Kim K. Rosenberg are the parents of Adam Rosenberg.

35. Upon information and belief, Adam Rosenberg lived with Howard I. and Kim K. Rosenberg at the time of the incident giving rise to this action.

36. Thus, Adam Rosenberg is a "family member" within the meaning of the Policy.

37. Therefore, Adam Rosenberg is a "covered person" under the Policy's Personal Liability Coverage Part.

38. The Personal Liability Coverage Part defines "damages" as "the sum that is paid or is payable to satisfy a claim settled by us or resolved by judicial procedure or by a compromise we agree to in writing."

39. The Personal Liability Coverage Part defines "personal injury," in relevant part: as follows:

> "Personal injury" means the following injuries, and resulting death:
> 
> - bodily injury;
> - shock, mental anguish, or mental injury;
> 
> \*   \*   \*

40. The Personal Liability Coverage Part defines "bodily injury" as "physical bodily harm, including sickness or disease that results from it, and required care, loss of services and resulting death."

41. The Personal Liability Coverage Part further states, in part:

> *Defense coverages*
>
> We will defend a covered person against any suit seeking covered damages for personal injury or property damage or for covered damages under Employment practices liability, if Employment practices liability coverage is shown in the Coverage Summary. We provide this defense at our own expense, with counsel of our choice, even if the suit is groundless, false, or fraudulent. We may investigate, negotiate, and settle any such claim or suit at our discretion.

42. The Personal Liability Coverage Part further states, in relevant part:

> *Exclusions*
>
> These exclusions apply to this part of your Masterpiece Policy, unless stated otherwise.
>
> \*      \*      \*
>
> **Intentional acts.** We do not cover any damages arising out of a willful, malicious, fraudulent or dishonest act or any act intended by any covered person to cause personal injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected. But we do cover such damages if the act was intended to protect people or property unless another exclusion applies. An intentional act is one whose consequences could have been foreseen by a reasonable person. This exclusion does not apply to Employment practices liability coverage.
>
> **Molestation, misconduct or abuse.** We do not cover any damages arising out of any actual, alleged or threatened:
>
> - sexual molestation;
> - sexual misconduct or harassment; or
> - abuse.
>
> This exclusion does not apply to Employment practices liability coverage.

**C.      Chubb's Coverage Determination Concerning the Underlying Action**

43. The Underlying Action was reported to Chubb on or about August 3, 2021.

44. By letter dated August 10, 2021, Chubb provided its determination of coverage under the Policy concerning the Underlying Action to Adam Rosenberg, care of Kim Rosenberg.

45. A true and correct copy of Chubb's August 10, 2021 letter to Adam Rosenberg is attached hereto as Exhibit C.

46. As stated more fully in its August 10, 2021 letter, Chubb disclaimed any duty under the Policy to defend or indemnify Adam Rosenberg for the Underlying Action because: (a) the factual allegations asserted in the Underlying Complaint do not constitute "personal injury" caused by an "occurrence" as required by the Policy's Personal Liability Coverage insuring agreement; (b) the Policy's "Intentional Acts" exclusion applies to eliminate coverage for the Underlying Action based on Adam Rosenberg's alleged intentional conduct in the shooting and subsequent handling and disposing of Christian Moore-Rouse's body; and (c) the Policy's "Molestation, Misconduct or Abuse" exclusion applies to eliminate coverage for the Underlying Action based, at a minimum, on Adam Rosenberg's alleged abuse of Christian Moore-Rouse both in shooting him and in the subsequent handling and disposing of his body.

47. In addition, in its August 10, 2021 letter, Chubb advised that there was no coverage under the Policy for any award of punitive damages in the Underlying Action.

**D.  Rouse's Purported Settlement Demand to Chubb Concerning the Underlying Action**

48. On or about February 25, 2022, Chubb received via First Class Mail a letter dated February 17, 2022 from Mark J. Homyak pertaining to the Underlying Action.

49. Homyak's February 17, 2022 letter indicates that copies thereof were sent to Adam Rosenberg and T. Lee Rouse.

50. Upon information and belief, Mr. Homyak is counsel for the plaintiff, T. Lee Rouse, in the Underlying Action.

51. In his February 17, 2022 letter, Mr. Homyak purported to challenge Chubb's position that it has no duty under the Policy to defend or indemnify Adam Rosenberg in the Underlying Action.

52. In his February 17, 2022 letter, Mr. Homyak demanded that Chubb pay an amount in excess of $75,000 to resolve the Survival Act and Wrongful Death Act claims against Adam Rosenberg in the Underlying Action.

53. By letter dated March 2, 2022, Chubb acknowledged to Mr. Homyak that Chubb had received his February 17, 2022 letter.

## COUNT I

### For Declaratory Judgment That Chubb Has No Duty to Defend or Indemnify Adam Rosenberg For Any Claims or Damages Alleged in the Underlying Action

54. Chubb incorporates the previous paragraphs of this Complaint as if they were fully set forth herein.

55. As set forth above, the Policy's Personal Liability Coverage Part provides coverage for damages a "covered person" is legally obligated to pay for "personal injury" which takes place anytime during the policy period and are caused by an "occurrence," unless stated otherwise or an exclusion applies.

56. The Personal Liability Coverage Part further provides, in pertinent part, that Chubb will defend a "covered person" against any suit seeking covered "damages" for "personal injury."

57. The Underlying Complaint alleges that Adam Rosenberg intentionally shot and killed Christian Moore-Rouse in Rosenberg's residence in December 2019.

58. The Underlying Complaint further alleges that, after killing Christian Moore-Rouse, Adam Rosenberg intentionally and/or wantonly disturbed, mishandled and/or defiled Christian's corpse.

59. The Underlying Complaint further alleges that Adam Rosenberg then moved Christian Moore-Rouse's dead body from the grounds of Rosenberg's residence to a wooded area, across the street from the residence, and left it there.

60. The Underlying Complaint further alleges that, as a result, Christian Moore-Rouse's remains were not found until March 2020.

61. The Underlying Complaint alleges that the estate of Christian Moore-Rouse incurred damages as the direct result of his death.

62. The Underlying Complaint alleges that T. Lee Rouse incurred damages as the direct result of the death of Christian Moore-Rouse.

63. The Underlying Complaint further alleges that, as the direct result of Adam Rosenberg's removal, withholding and prevention of the proper interment or cremation of Christian Moore-Rouse's deceased body, T. Lee Rouse has suffered and will continue to suffer severe emotional distress.

64. To the extent the Underlying Complaint alleges damages for "personal injury" within the meaning of the Policy's Personal Liability Coverage Part, such damages resulted from intentional acts of Adam Rosenberg as alleged in the Underlying Complaint.

65. An intentional act does not constitute an accident and, therefore, is not a covered "occurrence" under the Policy's Personal Liability Coverage Part.

66. Thus, to the extent the Underlying Complaint alleges damages for "personal injury," such damages were not caused by an "occurrence."

67. Therefore, Chubb has no duty under the Policy to defend Adam Rosenberg in the Underlying Action.

68. As set forth above, the "Intentional Acts" exclusion in the Personal Liability Coverage Part exclusion precludes coverage for damages arising out of a willful, malicious, fraudulent or dishonest act or any act intended by any "covered person" to cause "personal injury," even if the injury or damage is of a different degree or type than actually intended or expected.

69. As alleged in the Underlying Complaint, Adam Rosenberg's acts of intentionally shooting and killing Christian Moore-Rouse, intentionally and/or wantonly disturbing, mishandling and/or defiling Christian's corpse, and moving Christian's dead body to a wooded area and leaving it there constitute willful and/or malicious acts, and/or intentional acts intended by a "covered person" to cause "personal injury," even if the injury is of a different degree or type than actually intended or expected.

70. As alleged in the Underlying Complaint, the damages incurred by the estate of Christian Moore-Rouse and by T. Lee Rouse arise out of the above-described willful and/or malicious and/or intentional acts of Adam Rosenberg.

71. The intentional acts of Adam Rosenberg alleged in the Underlying Complaint are acts whose consequences could have been foreseen by a reasonable person.

72. The Underlying Complaint does not allege that the intentional acts of Adam Rosenberg, as described therein, were intended to protect people or property.

73. Therefore, the "Intentional Acts" exclusion further bars any duty under the Policy to defend Adam Rosenberg in the Underlying Action.

74. As set forth above, the "Molestation, Misconduct or Abuse" exclusion in the Personal Liability Coverage Part precludes coverage for any damages arising out of any actual, alleged or threatened sexual molestation; sexual misconduct or harassment; or abuse.

75. As alleged in the Underlying Complaint, Adam Rosenberg's acts of intentionally shooting and killing Christian Moore-Rouse, intentionally and/or wantonly disturbing, mishandling and/or defiling Christian's corpse, and moving Christian's dead body to a wooded area and leaving it there constitute acts of abuse.

76. To the extent the Underlying Complaint alleges "personal injury," such "personal injury" arises out of the above-described acts of abuse by Adam Rosenberg.

77. Therefore, the "Molestation, Misconduct or Abuse" exclusion further bars any duty under the Policy to defend Adam Rosenberg in the Underlying Action.

78. Because Chubb has no duty under the Policy to defend Adam Rosenberg in the Underlying Action, Chubb has no duty under the Policy to cover any damages he is legally obligated to pay in the Underlying Action.

**WHEREFORE**, Chubb requests entry of judgment in its favor, and against Defendants:

A. declaring that Chubb has no duty to defend or indemnify Defendant Adam Rosenberg for any claims or damages alleged in the Underlying Action;

B. awarding Chubb its attorneys' fees, and costs; and

C. declaring and granting such other and further relief as may be necessary and appropriate under the circumstances, including all other relief available at law or in equity to which Chubb may be entitled and which this Court deems just and proper.

# COUNT II

## For Declaratory Judgment That Chubb Has No Duty to Defend or Indemnify Adam Rosenberg For Claims Seeking Punitive Damages in the Underlying Action

79. Chubb incorporates the previous paragraphs of this Complaint as if they were fully set forth herein.

80. Counts I and III of the Underlying Complaint seek punitive damages based on Adam Rosenberg's conduct, as alleged therein.

81. Under applicable Pennsylvania law, punitive damages are uninsurable when directly assessed against an individual for his or her own conduct that warrants the imposition of punitive damages. *Esmond v. Liscio*, 224 A.2d 793, 799 (Pa. Super. Ct. 1966); *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 493 (3d Cir. 2015).

82. Chubb, therefore, has no duty to defend or indemnify Adam Rosenberg with respect to Counts I and III of the Underlying Complaint to the extent they seek punitive damages.

**WHEREFORE**, in the alternative to the relief requested in Count I of this Complaint, Chubb requests entry of judgment in its favor, and against Defendants:

A. declaring that Chubb has no duty to defend or indemnify Defendant Adam Rosenberg as to Counts I and III of the Underlying Complaint to the extent they seek punitive damages;

B. awarding Chubb its attorneys' fees, and costs; and

C. declaring and granting such other and further relief as may be necessary and appropriate under the circumstances, including all other relief available at law or in equity to which Chubb may be entitled and which this Court deems just and proper.

          WHITE AND WILLIAMS LLP

          /s/Shane R. Heskin
          Shane R. Heskin
          Michael O. Kassak (*pro hac vice* to be filed)
          Paul A. Briganti (*pro hac vice* to be filed)
          1650 Market Street
          One Liberty Place, Suite 1800
          Philadelphia, PA  19103-7395
          215.864.7000

          heskins@whiteandwilliams.com
          kassakm@whiteandwilliams.com
          brigantip@whiteandwilliams.com

          Attorneys for Plaintiff,
          Chubb Indemnity Insurance Company

Dated: May 2, 2022