IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| CHUBB INDEMNITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 2:22-CV-00633-MJH |
| and | ) ) ) | |
| HUDSON INSURANCE COMPANY, | ) ) | |
| Intervenor Plaintiff, | | |
| vs. | | |
| ADAM ROSENBERG, HOWARD I. ROSENBERG, KIMBERLY L. ROSENBERG, AND; T. LEE ROUSE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF; AND CHRISTIAN MOORE-ROUSE, (NOMINAL DEFENDANT); | | |
| Defendants, | | |

MEMORANDUM ORDER

Intervenor Plaintiff, Hudson Insurance Company, brings the within action seeking declaratory judgment that it does not owe Defendant, Adam Rosenberg, defense or indemnification under the insurance policy it issued to Defendants, Howard and Kimberly Rosenberg's, insurance policy. (ECF Nos. 14). Hudson moved for default judgment against Adam Rosenberg pursuant to Fed. R. Civ. P. 55(b)(2) and for judgment on the pleadings against Nominal Defendants Howard I. Rosenberg, Kimberley Rosenberg, and T. Lee Rouse, both individually and as executrix of Christian Moore Rouse's estate. (ECF No. 35). Upon review of the same, the record reflects that the Court should address Hudson's Motion for Default Judgment while deferring action on the other pending motions.

On May 1, 2022, Defendant, Chubb Indemnity Insurance Company, filed its Complaint against Adam Rosenberg, Howard I. Rosenberg, Kimberley Rosenberg, and T. Lee Rouse, both individually and as executrix of Christian Moore Rouse's estate.  (ECF No. 1).   On May 4, 2022, Chubb filed a Praecipe to Issue Summons as to Adam Rosenberg, Howard I. Rosenberg, Kimberley Rosenberg, and T. Lee Rouse.  (ECF No. 5).  On May 5, 2022, the Clerk of Court issued said Summonses. (ECF No. 6).   On June 22, 2022, Chubb filed a Return of Service indicating that Adam Rosenberg had been served on May 17, 2022, with an Answer due date of June 7, 2022.  (ECF No. 20).   Subsequently, on July 19, 2022, Chubb filed an Amended Complaint. (ECF No. 27).

On August 15, 2022, Chubb filed a Request for Entry of Default against Adam Rosenberg.  (ECF Nos. 32 and 33).  Said Request, under Fed. R. Civ. P. 55(a), included a Declaration by Chubb's counsel reflecting the service history of the Chubb's Complaint and Amended Complaint upon Adam Rosenberg, the corresponding due dates for responses, and his failure to respond to any pleadings.  (ECF No. 33-1).  On August 17, 2022, the Clerk, pursuant to Chubb's request and its counsel's declaration, filed an Entry of Default against Adam Rosenberg for failure to plead or otherwise defend.  (ECF No. 34).

On June 14, 2022, Hudson filed its Intervenor Complaint.  (ECF No. 14).   The docket has no indication that Hudson requested the issuance of a summons or that Adam Rosenberg received initial service of process of the Intervenor Complaint.  To date, Hudson has not filed a Request for an Entry of Default.

In its Motion for Default Judgment against Adam Rosenberg, Hudson argues that Adam Rosenberg failed to respond to Hudson's Intervenor Complaint.  In particular, Hudson asserts that, on June 29, 2022, it served its Intervenor Complaint to Adam Rosenberg via certified mail

and that Adam Rosenberg never responded or otherwise appeared in this litigation. Hudson further argues that the Clerk, at the Request of Chubb, entered default against Adam pursuant to Fed. R. Civ. P. 55(a) for failing to respond to Chubb's and Hudson's declaratory judgment complaints. Following its review of the record in this case and Hudson's arguments, the Court has concerns regarding the posture of Hudson's Motion for Default Judgment.

First, under Federal Rules of Civil Procedure 4 and 5, a new claim of relief, even against a party that has not appeared, must be served pursuant to Fed. R. Civ. P. 4. *See, e.,g. Great W. Cas. Ins. Co. v. Burns*, 5:19-CV-00006-TES, 2020 WL 2776495, at *5 (M.D. Ga. May 28, 2020) (party asserting its own complaint for declaratory judgment must serve pursuant to Rule 4). Fed. R. Civ. P. 4 provides in part as follows:

> (b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.
>
> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(b)-(c)(1). Hudson's Intervenor Complaint relates factually to Chubb's Complaint and Amended Complaint, but it raises distinctive issues relative to Hudson's specific policy language. Chubb's Complaint and Amended Complaint contain no references to Hudson's policy. Therefore, Hudson's Intervenor Complaint should have been served upon Adam Rosenberg with an accompanying Summons.

Second, Hudson's purported proof of service does not support that it served Adam Rosenberg. In Hudson's argument supporting service of its Intervenor Complaint upon

Adam Rosenberg, Hudson references an exhibit with a United States Postal Service tracking number. (ECF No. 35-8). Said exhibit contains no personal identifying information other than a date/time, city, state, zip code, and a vague reference to delivery to "Front Desk/Reception/Mail Room." Such information does not comport with the requirements of original process and the filing with the Court proof of the same. Thus, the Court cannot conclude, based upon the record in front of it, that Hudson's Intervenor Complaint was properly served under the Rules.

Third, even had service been effectuated on Adam Rosenberg, Hudson has omitted the procedural step of Fed. R. Civ. P. 55(a) in requesting an entry of default. Hudson appears to piggyback from Chubb's request and claims the Clerk of Court entered Default on both Chubb AND Hudson. Such assertion is unavailing. Chubb's request for default included a declaration that supported only Adam Rosenberg's failure to respond to Chubb's Complaint and Amended Complaint. Nothing in Chubb's filing referenced Hudson, the claims in Hudson Intervenor Complaint, or Hudson's service history. Therefore, the Entry of Default under Fed. R. Civ. P. 55(a) was tailored specifically to Chubb's request only. Accordingly, Hudson has not yet complied with Fed. R. Civ. P. 55(a). And because Hudson has not pursued an entry of default, its motion for default judgment is premature. "Before the plaintiff can move for default judgment, the clerk or the court must enter default." *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, No. 3:06cv264, 2006 WL 1720681, at *5 (E.D.Va. June 20, 2006); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed.2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Accordingly, Hudson's Motion for Default Judgment is denied without prejudice to re-file, if and when, it cures these technical matters.[1] Decision as to the remaining motions will be deferred and stayed for 45 days.

DATED this 7th day of October, 2022.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

---

[1] The Court's concerns over these hyper-technical rules regarding process, service, default, and default judgment are out of an abundance of caution to safeguard Adam Rosenberg's due process rights especially given his status as an incarcerated individual.