IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| CHUBB INDEMNITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| HUDSON INSURANCE COMPANY, | )<br>) |
| Intervenor Plaintiff, | |
| vs. | |
| ADAM ROSENBERG, HOWARD I. ROSENBERG, KIMBERLY L. ROSENBERG, AND; T. LEE ROUSE, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF; AND CHRISTIAN MOORE-ROUSE, (NOMINAL DEFENDANT); | |
| Defendants, | |

2:22-CV-00633-MJH

OPINION

Plaintiff, Chubb Indemnity Insurance Company, and Intervenor Plaintiff, Hudson Insurance Company, brought the within action seeking declaratory judgments that neither Chubb nor Hudson owe Defendant, Adam Rosenberg, defense or indemnification under Defendants, Howard and Kimberly Rosenberg's, insurance policies.  (ECF Nos. 14 & 27).  The Rosenbergs tendered claims for insurance coverage to Chubb and Hudson on behalf of Adam Rosenberg, defendant in the Allegheny County Court of Common Pleas civil action filed by T. Lee Rouse, individually and as Executrix of the Estate of Christian Moore-Rouse, alleging wrongful death and survival claims against Adam Rosenberg. (ECF No. 1-2).

Chubb and Hudson moved for Default Judgment against Adam Rosenberg and for Judgment on the Pleadings against Howard and Kimberly Rosenberg and Rouse (ECF Nos. 35, 36, and 51). These matters are now ripe for consideration.

    I.    Background

        A. The Underlying Civil Action

On or about July 14, 2021, Ms. Rouse commenced the Underlying Civil Action against Adam Rosenmberg in Pennsylvania state court. (ECF NO. 1-2). The Underlying Civil Complaint alleges that, on or about December 21, 2019, Adam invited Christian to Adam's residence "and intentionally shot Christian, killing him, while they were on the premises." *Id*. ¶ 6.

The Underlying Civil Complaint further alleges, "[i]n the alternative,"

- Adam was diagnosed with "severe psychiatric illness resulting in prolonged inpatient and outpatient treatment,"

- mental health professionals advised Adam that he needed to receive treatment and take medication "to control his symptoms, which included a desire to murder those emotionally close to him,"

- as a result of Adam's "negligent failure and/or refusal" to undergo the recommended treatment, "his psychiatric symptoms worsened,"

- "as the result, [Adam] engaged in the shooting causing Christian's death, causing resultant damages to Christian's Estate and Mother, without consciously and/or knowingly expecting or intending that result,"

*Id*. at ¶ 7. It is further alleged that Adam "intentionally and/or wantonly disturbed, mishandled and/or defiled Christian's corpse." *Id*. at ¶ 14. Adam is alleged to have moved the dead body to a wooded area, where it was left until police discovered it in March 2020. *Id*. at ¶¶ 15-16. Christian's estate and Rouse (his mother) claim they have suffered damages. Id. at ¶ 19. It is further alleged Adam "is currently incarcerated on criminal charges arising from the events that

are the subject of" the Underlying Civil Action. *Id*. at ¶ 2. On November 5, 2021, Rouse obtained a default against Adam in the Underlying Civil Action.

### B.  Adam Rosenberg's Criminal Conviction

The charges against Adam referenced in the Underlying Civil Complaint were the subject of a criminal case in Pennsylvania state court. (ECF No. 36-4). On April 20, 2022, Adam pled guilty but mentally ill to Christian's murder in the first degree, robbery, abuse of a corpse, and tampering with or fabricating physical evidence. (ECF No. 36-5). On June 3, 2022, the state court accepted the plea. (ECF No. 36-6).

### C.  Chubb Policy

Chubb issued Masterpiece Homeowner's Liability Policy No. 11273641-01 to Howard I. and Kim K. Rosenberg for the policy period April 15, 2019 to April 15, 2020 (the "Chubb Policy"). (ECF No. 1-3). The Chubb Policy provides coverage for "damages a covered person is legally obligated to pay for personal injury . . . which takes place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies." *Id*. at p. 42. The Policy further states Chubb "will defend a covered person against any suit seeking covered damages for personal injury . . . ." *Id*. at p. 45. Adam Rosenberg is a "covered person" under the Chubb Policy. (ECF No. 27 at ¶¶ 32-42). The Chubb Policy defines "personal injury" to include "bodily injury" and "shock, mental anguish, or mental injury." (ECF No. 1-3 at p. 43). "Bodily injury" means "physical bodily harm, including . . . resulting death." *Id*. "Occurrence" is defined, in pertinent part, as "an accident which begins within the policy period resulting in bodily injury . . . ." *Id*. at p. 42.

The Chubb Policy also contains exclusions that state, in relevant part:

> **Intentional acts.** We do not cover any damages arising out of a willful, malicious, fraudulent or dishonest act or any act intended by any covered person to cause personal

3

injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected. But we do cover such damages if the act was intended to protect people or property unless another exclusion applies. An intentional act is one whose consequences could have been foreseen by a reasonable person. . . .

**Molestation, misconduct or abuse.** We do not cover any damages arising out of any actual, alleged or threatened:

- sexual molestation;

- sexual misconduct or harassment; or

- abuse.

*Id*. at p. 53.

        D.    Hudson Policy

The Rosenberg's Hudson Policy is a personal umbrella insurance policy, designed primarily to provide excess insurance beyond the existing limits and coverages of other policies, such as a homeowners or auto insurance policy. The Hudson Policy contains the following general insuring clause:

**INSURING AGREEMENTS**

**I.    COVERAGES**

Coverage A – Excess Bodily Injury, Personal Injury and Property Damage Liability. The Company will pay on behalf of the insured the amount of ultimate net loss, which the insured becomes legally obligated to pay:

1.    in excess of the underlying limits, whether collectible or not, because of bodily injury, personal injury, or property damage to which this policy applies, caused by an occurrence; or

(ECF No.14-2 at p. 3). The definition of "bodily injury" in the Hudson Policy specifically includes emotional distress *Id*. at p. 10.

The Hudson Policy further provides the following definition of "occurrence:"

"occurrence" means:

4

(1) an accident or accidental event, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured (other than an intentional act by or at the direction of the insured which results in bodily injury, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property);

*Id*. at p. 10-11. The Hudson Policy further provides:

**III. DEFENSE AND SETTLEMENT**

A. With respect to occurrences which are covered under Coverage A of this policy but which are not covered or required to be covered by the underlying insurance, the Company, if no other insurer has an obligation to do so, shall defend any suit against the insured seeking damages on account of bodily injury, personal injury, or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent. The Company shall have the right to make such investigation and settlement of any claims of suit as it deems expedient.

*Id*. at p. 3.

II. Discussion

A. Motions for Default Judgment against Adam Rosenberg

1. Procedural Background

On August 15, 2022, Chubb requested default against Adam Rosenberg. (ECF Nos. 32 and 33). On August 17, 2022, the Clerk entered default on behalf of Chubb against Adam Rosenberg. (ECF No. 34). On November 15, 2022, Hudson requested default against Adam Rosenberg (ECF No. 48). On November 15, 2022, the Clerk entered default on behalf of Hudson against Adam Rosenberg. (ECF No. 50).

On September 6, 2022 and November 28, 2022, Chubb and Hudson each filed their respective Motion for Default Judgment against Adam Rosenberg. (ECF Nos. 35, 36, and 51). Chubb seeks a declaration that it has no duty to defend or indemnify as to the action captioned *T. Lee Rouse, Executrix of the Estate of Christian Moore-Rouse, and In Her Own Right v. Adam*

*Rosenberg*, No. GD-21-07929, Allegheny County Court of Common Pleas. Hudson seeks a declaration that it has no obligation to defend or indemnify Adam Rosenberg under the Personal Umbrella Liability Policy Hudson issued to Howard I. Rosenberg, Kimberly L Rosenberg, bearing Policy No. PUMB0067312-00, in the same civil action cited above. To date, following due service of process and the expiration of required procedural time for his response, neither Adam Rosenberg nor any counsel on his behalf have participated in this action or expressed any opposition to either Chubb's or Hudson's Motion for Default Judgment.

2.  Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of a default judgment. Rule 55(a) indicates that the clerk of court "must enter" default against a party "whom a judgment for affirmative relief is sought" when the party "has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b) then provides the procedure and requirements for the entry of a default judgment by the clerk of court or the court. Fed. R. Civ. P. 55(b).

The clerk of court's entry of default under Rule 55(a) is the first step and a prerequisite before a party may move for the entry of a default judgment under Rule 55(b). *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (per curiam) ("[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."). Once the clerk of court enters default, and if the case is one in which the plaintiff's claim is not for a "sum certain or a sum that can be made certain by computation," the plaintiff can proceed to the second step and seek to have the court enter a default judgment. *See* Fed. R. Civ. P. 55(b)(2) (indicating that in all cases not involving a "plaintiff's claim ... for a sum certain or a sum that can be made certain by computation," the

moving party "must apply to the court for a default judgment"). After a party applies to the court for a default judgment, the court "may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*.

Even if the clerk of court enters default against a party, the district court retains the discretion whether to enter a default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (explaining that appellate court reviews district court's entry of default judgment for abuse of discretion); *Serv. Emps. Int'l Union Local 32BJ, Dist. 36 v. ShamrockClean, Inc.,* 325 F. Supp. 3d 631, 634 (E.D. Pa. 2018) ("Whether or not to grant a party's motion for entry of default judgment 'is left primarily to the discretion of the district court.' " (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984))).

3. Analysis

A district court must consider three factors in determining whether to grant a default judgment: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citation omitted).

Additionally,

> [t]he court accepts as true the well-pleaded factual allegations in the plaintiff's complaint, except those relating to damages, as though they were admitted or established by proof, as well as all reasonable inferences that can be drawn therefrom. Conclusory allegations and the parties' legal theories or conclusions of law, however, are not entitled to the same presumption and are not deemed admitted.

7

*State Farm Fire & Cas. Co. v. Hunt*, No. CIV. A. 14-6673, 2015 WL 1974772, at *3 (E.D. Pa. May 4, 2015) (internal citations omitted).

Under the first *Chamberlain* factor, prejudice to Chubb and Hudson strongly favors the entry of default judgment. As noted above, Ms. Rouse has obtained a default against Adam, with only the assessment of damages remaining in the Underlying Civil Action. Chubb and Hudson maintain that Ms. Rouse has positioned herself to seek recovery of her alleged damages directly from Chubb and Hudson, either as a judgment creditor of Adam or as a purported assignee of his rights under the Chubb and Hudson policies. Chubb and Hudson commenced this declaratory judgment action to resolve any uncertainty over their obligations to defend or indemnify Adam in the Underlying Civil Action. Adam's failure to respond to Chubb's Amended Complaint and Hudson's Intervenor Complaint, absent default judgment, impedes and delays, Chubb and Hudson from obtaining a declaration of their rights and obligations.  Thus, prejudice to Chubb and Hudson favors entry of default judgment.

The second *Chamberlain* factor, whether Adam has a litigable defense to Chubb and Hudson's claims, also favors the entry of default judgment. Because Adam has not answered, the Court can presume he has no litigable defenses. S*ee Turkovich v. Sally Beauty Supply LLC*, 2020 U.S. Dist. LEXIS 225507, at *3 (W.D. Pa. Dec. 2, 2020) ("'[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense because it is not the court's responsibility to research the law and construct the parties' arguments for them.'").  Thus, this element is met in favor of entry of default judgment.

Finally, under the third *Chamberlain* factor, culpability for the delay, Chubb and Hudson each properly served Adam with their respective complaint and each sent him a copy of the Entry of Default. Adam's incarceration does not excuse his failure to appear in this matter. *See HNI Corp. v. Hess*, 2017 U.S. Dist. LEXIS 13256, at *6 (M.D. Pa. Jan. 31, 2017) (finding incarcerated defendant culpable for failing to appear in civil lawsuit); *Jimenez v. Rosenbaum-Cunningham, Inc.*, 2010 U.S. Dist. LEXIS 31664, at *19 n.7 (E.D. Pa. Mar. 31, 2010) ("The fact that [a defendant] is incarcerated does not render her incompetent or excuse her from participating in these proceedings."). Neither Adam, nor any counsel on his behalf, have entered an appearance or actively participated in this case. The Court finds no legitimate reason for Adam's delay or lack of responsiveness. Thus, culpability is met.

Accordingly, since all three *Chamberlain* factors have been met, Chubb and Hudson's respective Motions for Default Judgment against Adam Rosenberg will be granted.

      B. Motion for Judgment on the Pleadings against Howard and Kimberly Rosenberg and T. Lee Rouse

Both Chubb and Hudson have also moved for Judgment on the Pleadings against the Rosenbergs and Ms. Rouse seeking declaratory judgment that neither of the Chubb and Hudson policies provide coverage as to Adam Rosenberg's conduct in the Underlying Civil Action. All Counsel for Defendants, Howard I. Rosenberg and Kimberly L. Rosenberg and T. Lee Rouse have stipulated that said Defendants do not oppose said Motions. (ECF No. 41). As such, the Court will grant Chubb and Hudson's Motions for Judgment on the Pleadings. Judgment will be entered in favor of Chubb and Hudson and against Defendants, Howard and Kimberly Rosenberg and Ms. Rouse.

III.   Conclusion

Based upon the foregoing, the Court will grant Chubb and Hudson's respective Motion for Default Judgment against Adam Rosenberg. Further, each of Chubb and Hudson's Motion for Judgment on the Pleadings against the Rosenbergs and Ms. Rouse will be granted. A separate judgment order will issue consistent with this Opinion.

DATED this 19th day of December, 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge